STATE of Minnesota, Respondent,

v.

Helmut MAUER, Appellant.

No. A05–460.

Court of Appeals of Minnesota.

Jan. 23, 2007.

Lori Swanson, Attorney General, St. Paul, MN, Michael O. Freeman, Hennepin County Attorney, Jean E. Burdorf, Assistant County Attorney, Minneapolis, MN, for respondent.

Michael McGlennen, Chaska, MN, William Gatton, Minneapolis, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge; LANSING, Judge; and KALITOWSKI, Judge.

## OPINION

LANSING, Judge.

A district court judge found Helmut Mauer guilty of possession of child pornography under Minn.Stat. § 617.247, subd. 4(a) (2002), which prohibits the possession of child pornography when the person in possession knows or has "reason to know" its content and character. In this appeal, Mauer argues that the statute is unconstitutional because it does not require actual knowledge that the persons depicted in the pornographic work are minors. We conclude that the statute meets the demands of the First Amendment as it pertains to possession of child pornography, and we affirm.

## FACTS

The facts are undisputed. Following a court trial in 2004, the district court judge

found that Helmut Mauer possessed compact discs with reason to know that they contained child pornography in violation of Minn.Stat. § 617.247, subd. 4(a) (2002). Mauer obtained the discs through a delivery service in a self-addressed envelope, purportedly sent by C.R.T., a Florida business. In reality, C.R.T. had been shut down following a government investigation. The return envelope had actually been sent by U.S. postal agents as part of a sting operation that grew out of the investigation. The postal agents sent promotional materials and order forms to everyone on C.R.T.'s mailing list, which included Mauer. Mauer ordered four compact discs. The discs were described by the solicitation as containing images of girls between the ages of nine and fourteen engaged in sex acts. Mauer paid $515 in cash for the four discs. He also requested further information about a "write-your-own-script" option, which would allow him to order a videotape of a thirteen-year-old girl fulfilling his scripted fantasies.

Mauer personally signed for delivery of the compact discs. Shortly after delivery, a postal inspector, who had obtained a valid search warrant, seized the discs. Although Mauer initially denied that the images of individuals on the discs were children, he later contacted the postal inspector and, during the conversation, told the inspector that he knew the images on the discs were people who were underage. At trial he testified that he thought the children would be over eighteen years old but acknowledged that they could be as young as nine years old. The district court found Mauer guilty of three counts of possessing child pornography.

Following conviction, Mauer filed a notice of appeal and moved for a stay to pursue postconviction relief. Mauer then filed a postconviction petition challenging the constitutionality of Minn.Stat. § 617.247, subd. 4(a). In the petition, Mauer argued that the statute was unconstitutional because it did not require the state to prove that he knew the age of the persons depicted in the sexually explicit material, only that he had "reason to know." The district court denied Mauer's petition, and Mauer now appeals.

## ISSUE

Does a statute that criminalizes the possession of child pornography contain a constitutionally sufficient level of scienter when it requires that the person in possession have "reason to know" that the pornographic work uses a minor to depict actual or simulated sexual conduct?

## ANALYSIS

Questions of constitutional interpretation are issues of law that we review de novo. *Hamilton v. Comm'r of Pub. Safety*, 600 N.W.2d 720, 722 (Minn.1999). In Minnesota, statutes are generally presumed constitutional. *State v. Barker*, 705 N.W.2d 768, 771 (Minn.2005). We will declare a statute unconstitutional "only when absolutely necessary." *State v. Behl*, 564 N.W.2d 560, 566 (Minn.1997) (quotation omitted). Because of the "unique protections" afforded by the First Amendment, however, the ordinary presumption of constitutionality does not apply to a statutory provision that restricts First Amendment rights. *State v. Casino Mktg. Group, Inc.*, 491 N.W.2d 882, 885 (Minn.1992); *see also Johnson v. State Civil Serv. Dep't*, 280 Minn. 61, 66, 157 N.W.2d 747, 751 (1968) (commenting on need for presumption of constitutionality to yield to preferred First Amendment rights). Instead, in the First

Amendment context, the state must demonstrate a "compelling public need to protect a substantial public interest." *Johnson*, 280 Minn. at 66, 157 N.W.2d at 751.

 Child pornography, whether or not it is determined to be obscene, is unprotected by the First Amendment. *New York v. Ferber*, 458 U.S. 747, 764–65, 102 S.Ct. 3348, 3358, 73 L.Ed.2d 1113 (1982). Because of the compelling interest in protecting the physical and psychological well-being of minors, states are "entitled to greater leeway in the regulation of pornographic depictions of children." *Id.* at 756, 102 S.Ct. at 3354. States may thus punish not only distribution of child pornography but also possession. *Osborne v. Ohio*, 495 U.S. 103, 109–11, 110 S.Ct. 1691, 1695–97, 109 L.Ed.2d 98 (1990).

 Nevertheless, all speech regulation must "avoid the hazard of self-censorship of constitutionally protected material." *Mishkin v. New York*, 383 U.S. 502, 511, 86 S.Ct. 958, 965, 16 L.Ed.2d 56 (1966). To protect free expression, criminal child-pornography laws must therefore include "some element of scienter on the part of the defendant." *Ferber*, 458 U.S. at 765, 102 S.Ct. at 3358 (citing *Smith v. California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959)). A child-pornography statute "completely bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts." *United States v. X–Citement Video, Inc.*, 513 U.S. 64, 78, 115 S.Ct. 464, 472, 130 L.Ed.2d 372 (1994). The U.S. Supreme Court has approved criminal child-pornography laws requiring knowledge or recklessness about the age of the performer. *See X–Citement Video*, 513 U.S. at 78, 115 S.Ct. at 472 (permitting conviction based on knowledge); *Osborne*,

495 U.S. at 115, 110 S.Ct. at 1699 (approving recklessness standard).

Scienter is a legal term that refers to the "degree of knowledge that makes a person legally responsible for the consequences of his or her own act or omission." *Black's Law Dictionary* 1373 (8th ed.2004). Unquestionably, the Minnesota statute at issue requires *some* degree of culpability as it relates to the age of the performers. The statute prohibits possessing depictions of minors involved in sexual conduct while "knowing or with reason to know its content and character." Minn.Stat. §§ 617.246, subd. 1(f), 617.247, subd. 4(a) (2002). The phrase "knowing or with reason to know its content or character" imposes accountability in some way for knowledge that the work is pornographic, which, in turn, relates to the age of the performers. *See* Minn.Stat. § 617.246, subd. 1(f) (requiring that prohibited material involve minors). The question is whether the degree of culpability the statute requires is sufficient to guard against the risk of self-censorship.

Mauer argues that the statute's culpability requirement is constitutionally insufficient for a statute regulating child pornography. According to Mauer, the "reason to know" language creates a civil-negligence standard. Mauer's characterization of "reason to know" as a civil-negligence standard has support in the language of some Minnesota cases. *See State v. Grover*, 437 N.W.2d 60, 62–63 (Minn.1989) (equating "reason to know" with criminal-negligence standard); *see also D.M.S. v. Barber*, 645 N.W.2d 383, 387 (Minn.2002) (interpreting "reason to know" in Minn. Stat. § 541.073, subd. 2(a), to require objective, reasonable-person standard). As we interpret the statute, however, the requirement of "knowing or with reason to

know" imposes a scienter requirement that is more demanding than a civil- or a criminal-negligence standard.

In the obscenity context, the U.S. Supreme Court has considered a statute that used a similar standard. In *Ginsberg v. New York*, a statute criminalized the knowing sale of obscene materials to minors and defined "knowingly" to include "reason to know" or "a belief or ground for belief which warrants further inspection or inquiry." 390 U.S. 629, 643, 88 S.Ct. 1274, 1283, 20 L.Ed.2d 195 (1968). The Court rejected a facial challenge to the statute, relying on the state court's interpretation of the statute as applying only to "those who are in some manner aware of the character of the material they attempt to distribute." *Id.* at 644, 88 S.Ct. at 1283 (emphasis omitted) (quotation omitted).

The Court has approved of the "in some manner aware" standard in other cases as well. In *Mishkin* the Court concluded that the "in some manner aware" standard "amply serves" the goal of protecting against the risk of suppressing protected expression and "fully meets the demands of the Constitution." 383 U.S. at 511, 86 S.Ct. at 965. The Minnesota Supreme Court has similarly interpreted a state obscenity statute to include the "in some manner aware" standard. *State v. Oman*, 261 Minn. 10, 17, 110 N.W.2d 514, 520 (1961) (interpreting statute to punish only those "who are in some manner aware of the character of the material" they attempt to distribute).

In light of the similar First Amendment concerns that apply to child pornography, we conclude that Minn.Stat. § 617.247, subd. 4(a), should be similarly interpreted to require that the possessor be "in some manner aware" that the performer is a minor. *See* Minn.Stat. § 645.17(3) (2006)

(providing that legislature "does not intend to violate the constitution of the United States or of this state"). The "in some manner aware" standard is substantially similar, if not equivalent, to the recklessness standard approved in *Osborne*. In this context, a person has "reason to know" only if he has knowledge of facts that subjectively lead him to believe that the performer is a child. In addition, we have found no indication, and Mauer has provided no evidence, that the legislature intended to impose liability using an objective, civil-negligence standard. *See* Minn. Stat. § 645.16 (2006) (providing that primary objective in statutory interpretation is to "ascertain and effectuate the intent of the legislature"). We therefore interpret "reason to know" as used in this particular statute to require a possessor to be "in some manner aware" that the performer is a child.

We recognize that. *Mishkin* and *Ginsberg* are arguably distinguishable on two grounds. First, both cases involved obscenity, not child pornography. But this distinction favors the "in some manner aware" standard because the First Amendment provides *less,* not more, protection to child pornography than to obscenity. *See Ferber,* 458 U.S. at 756, 102 S.Ct. at 3354 (concluding that states have "greater leeway" in regulating child pornography). Second, these cases involve distribution, not possession. But the private possession of child pornography, unlike the possession of obscene materials, still causes harm to the children exploited. *See Osborne,* 495 U.S. at 108–11, 110 S.Ct. at 1696 (distinguishing *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969)).

It is also constitutionally significant that the definition of child pornography is less ambiguous than the definition of obsceni-

ty. Robert R. Strang, *"She Was Just Seventeen … and the Way She Looked Was Way Beyond [Her Years]": Child Pornography and Overbreadth,* 90 Colum. L.Rev. 1779, 1797 (1990); *see also Mishkin,* 383 U.S. at 511, 86 S.Ct. 958 (discussing "the ambiguities inherent in the definition of obscenity"). Because the legal definition of child pornography can be more readily applied than the definition of obscenity, possessors of child pornography can fairly be held to the "in some manner aware" standard.

We are thus persuaded that, in this context, the possession of child pornography does not require any greater protection than the distribution of obscene materials. Hence, we conclude that *Mishkin* and *Ginsberg,* as well as *Osborne,* support the conclusion that the "in some manner aware" standard is sufficient to support a conviction for possession of child pornography.

Furthermore, as a policy matter, the state's compelling interest in the physical and emotional well-being of minors justifies the use of "in some manner aware" as the requisite level of scienter in Minn.Stat. § 617.247, subd. 4(a). In determining the appropriate level of scienter in child-pornography statutes, courts must balance First Amendment rights against the state's interest in protecting minors from sexual exploitation. Christina Egan, *Level of Scienter Required for Child Pornography Distributors: The Supreme Court's Interpretation of "Knowingly" in 18 U.SC. § 2252,* 86 J.Crim. L. & Criminology 1341, 1377–80 (1996). The Supreme Court has indicated that the state's interest in preventing the sexual exploitation of children is of "surpassing importance." *Ferber,* 458 U.S. at 757, 102 S.Ct. at 3355. Child pornography may thus be burdened in ways

that other forms of protected speech closer to the core of the First Amendment may not. Richard Fallon, *Making Sense of Overbreadth,* 100 Yale L.J. 853, 894–96 (1991).

The state's substantial interest in preventing the sexual exploitation of minors amply justifies the "in some manner aware" standard. The "in some manner aware" standard would deter the possession of child pornography without placing an unconstitutional burden on protected expression. A "knowledge" standard, on the other hand, "places too high a burden on the government and is not necessary under First Amendment doctrine." Egan, *supra,* 86 J.Crim. L. & Criminology at 1378. It would allow people in possession of child pornography to simply "close their eyes as to the age" of the performers. *United States v. Carter,* 854 F.2d 1102, 1109 (8th Cir.1988) (rejecting lack-of-knowledge defenses in case involving use of children in distribution of controlled substance). Although a "knowledge" standard would adequately guard against the risk of self-censorship, it would defeat the goal of effectively regulating child pornography because it would protect willful blindness. The "in some manner aware" standard, in contrast, both protects against the risk of self-censorship and furthers the state's interest in combating child pornography. We therefore conclude that Minn. Stat. § 617.247, subd. 4(a), requires an adequate level of scienter and does not, on its face, violate the First Amendment.

■■■■ Finally, we must decide whether Mauer's conviction can be affirmed in light of our interpretation of the child pornography statute. We conclude that it can. Although our interpretation may be a narrowing construction, a statute as construed "may be applied to conduct occur-

ring prior to the construction, provided such application affords fair warning to the defendant[ ]." *Dombrowski v. Pfister,* 380 U.S. 479, 491 n. 7, 85 S.Ct. 1116, 1123 n. 7, 14 L.Ed.2d 22 (1965) (citations omitted). Under the circumstances, Mauer had fair warning that his conduct was criminal. The district court concluded that Mauer had "reason to know" that the performers were minors. Although the district court did not use the words "in some manner aware," the district court made extensive findings of fact. Those findings demonstrate that Mauer undoubtedly was in some manner aware of the age of the performers. Mauer's conviction is therefore affirmed.

## DECISION

Minn.Stat. § 617.247, subd. 4(a) (2002) requires a sufficient level of scienter as to the age of the performers to satisfy First Amendment requirements.

**Affirmed.**