# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3623

_____

Helmut Horst Mauer,         *
                *
    Petitioner – Appellant,   *
                *   Appeal from the United States
    v.               *   District Court for the
                *   District of Minnesota.
State of Minnesota,       *
                *
    Respondent – Appellee.   *

_____

Submitted: October 19, 2010
Filed: November 17, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Helmut Horst Mauer brought this action under 28 U.S.C. § 2254 alleging that his due process rights were violated by his state conviction for possession of child pornography. The federal district court[1] denied relief but granted him a certificate of appealability on the issue of whether the Minnesota Supreme Court violated his due process rights by remanding his case to the trial court without vacating his conviction or granting him a new trial. In response to the certified question Mauer urges that

---

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

several decisions of the United States Supreme Court support his position and entitle him to the relief he seeks. We affirm.

I.

Mauer received a mail solicitation in April 2003 to purchase videos said to depict girls, aged from nine to fourteen, engaging in various sex acts. The solicitation purported to be from the Cultural Research Team (CRT), from which Mauer had ordered videos in 1998. In fact it was from government agents who had taken over CRT and were using its mailing list in a sting operation to target purchasers of child pornography. Mauer ordered four video CDs advertised in the solicitation for $515. He also requested more information about a "write your own script" video described as showing a thirteen year old girl fulfilling the subscriber's "fantasy with her." In May, a package containing the four CDs was delivered to Mauer at his business. He signed for it, and minutes later a postal inspector entered and found the package already opened. The inspector confiscated four videos, three of which showed actors clearly under the age of majority who were engaging in sex acts.

In August 2004 Mauer was charged in Hennepin County District Court with violation of Minn. Stat. § 617.247 Subd. 4(a). He waived a jury trial and proceeded to trial before Judge Charles Porter. After considering the evidence, Judge Porter issued detailed findings of fact and conclusions of law and found Mauer guilty as charged. Minn. Stat. § 617.247 Subd. 4(a) provides:

> A person who possesses a pornographic work or a computer disk or computer or other electronic, magnetic, or optical storage system . . . containing a pornographic work [involving a minor], *knowing or with reason to know its content and character*, is guilty of a felony and may be sentenced to imprisonment for not more than five years and a fine of not more than $5,000. . . (emphasis added).

At trial Mauer stipulated that the CDs confiscated from his office contained child pornography, but he argued that he was not aware that the actors appearing on the CDs were actually minors. After the trial concluded Judge Porter found, however, that Mauer had "reason to know" the videos contained real children. The evidence on which the court based that finding included Mauer's testimony that he found girls with the "young look" to be sexually stimulating; his earlier order from CRT in 1998 of two "child erotica" projects involving actual children, as opposed to young looking adults; his disposal of the child erotica projects after he realized the actors were in fact children; and the fact that the 1998 descriptions of child erotica and the CRT mail solicitations in 2003 were similar. This evidence was sufficient to conclude that Mauer had "reason to know" that the actors depicted on the videos would be actual minor children. Judge Porter entered judgment of conviction in December 2004.

Mauer appealed his conviction and also sought post conviction relief. The district court denied Mauer's motion for post conviction relief, and in January 2007 the Minnesota court of appeals affirmed Mauer's conviction. It interpreted the statute's requirement that the defendant possess child pornography "knowing or with reason to know its content and character" to mean that possessors of child pornography must be "in some manner aware" that the performers are minors in order to be convicted under § 617.247 Subd. 4(a). See State v. Mauer, 726 N.W.2d 810, 814 (Minn. App. 2007). It also concluded that its narrowing construction of the statutory elements could be applied to Mauer's conviction retroactively because he "had fair warning that his conduct was criminal." Id. at 816.

Mauer sought review of both decisions in the Minnesota Supreme Court. The court denied review of Mauer's claim that the intermediate appellate court's failure to reverse his conviction and remand for a new trial violated his due process rights. It granted review of the other issue in his petition challenging the constitutionality of the statute's knowledge requirement. The supreme court construed § 617.247 Subd. 4(a)

to mean that a defendant charged with possession of child pornography could only be convicted if he was "subjectively aware of a substantial and unjustifiable risk that the work involves a minor." State v. Mauer, 741 N.W.2d 107, 115 (Minn. 2007) (quotation marks omitted). The court further observed that it was "possible that the district court determined Mauer had reason to know because, despite being unaware of a risk that the videos would involve children, a reasonable person under the circumstances should have known." Id. at 116. Because it was not clear whether the trial court had used a subjective test, the supreme court remanded the case to Judge Porter to apply the standard it had enunciated to the facts of Mauer's case. The trial court was to "review the record and reach a conclusion as to whether Mauer was subjectively aware of a substantial and unjustifiable risk that the videos he ordered from C.R.T. would involve minors." Id. The supreme court did not vacate Mauer's conviction or order a new trial.

On remand, Judge Porter issued additional findings based on the evidence he had originally heard. He found that the solicitation received by Mauer had described the actors as "12 year old," "preteens," "young girls 11-13 years old," and "9-14 years old." He again found that Mauer had previously ordered child erotica projects similar to the CRT mailing, all of which had involved actual children. In conclusion the trial court held, that "[b]y ordering films portraying young people engaged in sex acts, with actors advertised as being between the ages of nine and fourteen, and based on his personal history of receiving films from this production company, [Mauer] knowingly took a substantial and unjustifiable risk that the actors in the films at issue in this case would be actual minors." Since Mauer had been subjectively aware of a substantial and unjustifiable risk that the videos he ordered would involve minors, his judgment of conviction was upheld.

II.

Mauer then petitioned for habeas relief under 28 U.S.C. § 2254(d)(1), arguing that the supreme court's remand order was contrary to clearly established law and a violation of due process under Shuttlesworth v. City of Birmingham, 382 U.S. 87 (1965); Ashton v. Kentucky, 384 U.S. 195 (1966); and Osborne v. Ohio, 495 U.S. 103 (1990). He argues that those cases stand for the proposition that where a state supreme court has narrowly construed a potentially unconstitutional statute, a defendant's prior inconsistent conviction must be reversed and a new trial ordered to ensure that he could only be convicted under the statute as subsequently construed. The state opposed his petition for relief, arguing that Mauer had failed to exhaust his state court remedies and that his petition was "without substantive merit."

After concluding that it "would be most propitious to sidestep the more complicated exhaustion issue," United States Magistrate Judge Jeanne J. Graham proceeded directly to consideration of the merits of Mauer's habeas petition. She concluded that the supreme court's decision to reverse and remand to the trial court was not "contrary to" the Supreme Court decisions in Shuttlesworth and Osborne because neither case held that a new trial would be "the only way to ensure that a defendant is [actually] guilty" of violating a newly construed statute. Remand without a new trial was appropriate in Mauer's case, she concluded, because he had been convicted by the court rather than by a jury. Since Judge Porter had made detailed factual findings after receiving the evidence, remand was permissible for him to reconsider the evidence while applying the new standard requiring subjective awareness "of a substantial and unjustifiable risk that the work involves a minor." The magistrate judge also rejected Mauer's suggestion that the remand would prejudice him because at the time of his original trial he had no notice that the subjective awareness standard would be applied to his case.

-5-

The district court overruled Mauer's objections to the magistrate judge's report and recommendation and denied him relief under § 2254. It nevertheless granted a certificate of appealability on the following question:

> Was Petitioner denied due process, because the Minnesota Supreme Court declined to order a new trial after construing the state statute under which Petitioner was convicted, and the Court instead remanded the case to the trial court judge to consider whether Petitioner's conviction could be sustained under the new construction of the statute, based on the evidence presented at the previous trial to the court?

Mauer appeals from the denial of his petition, citing Shuttlesworth, Ashton, and Osborne in response to the certified question. He argues that these cases "establish the principle that, when a state appeals court construes a criminal statute narrowly to save its constitutionality, and when it is unclear that a defendant was convicted under the statute thus construed rather than as originally written, the defendant's conviction must be reversed and a new trial afforded." The state responds by distinguishing those cases from Mauer's. It pointed out that in each of them the defendants had either been convicted by a jury or by a judge who issued no findings of fact or recorded opinion. In the state's view, the supreme court did not violate Mauer's due process rights.

In Shuttlesworth, the earliest of the decisions on which Mauer relies, the Supreme Court reversed a state court conviction for violating an Alabama statute and remanded for a new trial. The Court pointed out that the Alabama trial court had made no findings of fact and rendered no opinion. For all that appeared, that court "may have found the petitioner guilty only by applying the literal—and unconstitutional—terms of the ordinance." Shuttlesworth v. City of Birmingham, 382 U.S. 87, 92 (1965). There is no indication in the Court's discussion that any evidence had been received or recorded in the Alabama court.

In contrast, Judge Porter received evidence at Mauer's trial from which he made detailed findings of fact and conclusions of law in writing. Mauer's case is not "materially indistinguishable" from Shuttlesworth as he claims, for his conviction was in a court of record which made factual findings and legal conclusions after hearing the evidence. On this record the state supreme court could remand Mauer's case to the trial court for it to apply the newly announced scienter standard to the evidence presented at the original trial. See Williams v. Taylor, 529 U.S. 362, 412–13 (2000) (state court decision is only "contrary to" federal law under § 2254(d) if it "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts").

Ashton and Osborne are similarly unhelpful to Mauer. In both cases the Supreme Court reversed and remanded for new trials where the defendants had originally been convicted in *jury trials* for violating statutes that were later narrowly construed to save their constitutionality. See Osborne v. Ohio, 495 U.S. 103, 106–07 (1990); Ashton v. Kentucky, 384 U.S. 195, 198 (1966). The Supreme Court could not remand to the original triers of fact in those cases because, not only are juries made up of varying pools of people, but also because jurors have no training in applying a revised legal standard to evidence previously admitted. Here, in contrast, the state supreme court could direct Judge Porter to apply its authoritative construction of one element of the crime charged to the same evidence presented at Mauer's 2004 trial. Judge Porter was the same trier of fact with training in the application of revised legal standards. For these reasons Ashton and Osborne are not "materially indistinguishable" from Mauer's case. The supreme court's remand order was not "contrary to" either. See Williams, 529 U.S. at 413.

Furthermore, Mauer's arguments are contrary to the clearly established rule, announced in Osborne and other cases, that a narrowly construed statute "may be applied to conduct occurring prior to the construction, provided such application

-7-

affords fair warning to the defendant." 495 U.S. at 115 (citations omitted). The facts of Mauer's case are similar to those in <u>Osborne</u>, where the defendant was convicted for possession of material depicting "a minor in a state of nudity." On appeal, the Ohio supreme court narrowly construed the governing statute to prohibit possession of nude pictures only "where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals." Osborne argued that it would be impermissible for the Ohio supreme court to apply retroactively its narrowed construction of the statute to him, but the Supreme Court rejected that argument "[b]ecause Osborne had notice that his conduct was criminal." <u>See</u> <u>id.</u> at 116. Likewise, Mauer had "fair warning" that possessing materials with at least reckless awareness of the age of the performers was against the law. Just as the Supreme Court held in <u>Osborne</u>, we conclude that "someone in [Mauer's] position would not be surprised to learn that his possession of the [materials] at issue in this case constituted a crime." <u>Id.</u> at 116.

Finally, we reject as purely speculative the assertion Mauer's counsel made at oral argument that he might have chosen a jury trial had he been aware that the statute would be construed in the way the state supreme court did. Nor could Mauer point to any support in the record for the proposition that he would have presented any other evidence or used a different strategy had he been aware of the subsequent developments at the time of trial. <u>Compare</u> <u>Middleton v. Roper</u>, 455 F.3d 838, 854 (8th Cir. 2006), <u>cert. denied</u>, 549 U.S. 1134 (2007) (habeas petitioner's claim was properly denied when it was "founded solely on speculation"); <u>Sargent v. Armontrout</u>, 841 F.2d 220, 226 (8th Cir. 1988) (explaining that "speculation and conjecture will not satisfy [a habeas petitioner's] burden" to prove that his rights have been violated). Mauer took the risk of waiving a jury trial, and he cannot now claim that that risk entitles him to relief under § 2254.

III.

After reviewing the district court's findings and conclusions made after the supreme court's remand order, we conclude that Mauer has been "convicted under the statute as it [was] subsequently construed and not as it was originally written." Osborne, 495 U.S. at 118. That is all Osborne requires, and under the facts of this case, remand to the trial judge was consistent with the demands of due process. Because we conclude that Mauer's due process rights were not violated by the procedure employed by the state supreme court or his conviction on remand, we affirm the judgment of the district court denying the petition for relief.

_____